John M. Thomas, OSB #024691
E-Mail: jthomas@rcolegal.com
Routh Crabtree Olsen, P.C.
11830 SW Kerr Parkway, Suite 385
Lake Oswego, OR 97035
Phone (503) 517-7180
Fax (425) 457-7369
    Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| MICHAEL W. ZOLLER and SHEILA L. ZOLLER, husband and wife,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., RECONTRUST COMPANY, N.A., BAC HOME LOAN SERVICING, LP,<br><br>    Defendants. | Case No. 10-cv-03095-PA<br><br>DEFENDANTS' ADDITIONAL REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS |

Pursuant to the Court's Order entered November 24, 2010, Defendants Bank of America, N.A. (improperly sued as "Bank of America") ("BANA"), Mortgage Electronic Registration Systems, Inc. ("MERS"), ReconTrust Company, N.A. ("ReconTrust"), and BAC Home Loans Servicing, LP (improperly sued as "BAC Home Loan Servicing, LP") ("BACHLS") (collectively, "Defendants") hereby submit their reply to "Plaintiffs' Supplemental Motion In Opposition of Defendants' Motion to Dismiss" (Dec. 12, 2010)(Dkt. 21)("Pl. Supp. Memo.") at pg. at 3. As set forth below, Plaintiffs Michael and Sheila Zoller's recent submission largely repeats prior arguments made to the Court, and in any event presents no valid basis to save their Complaint. Defendants accordingly

Page 1 – DEFENDANTS' ADDITIONAL REPLY BRIEF IN SUPPORT OF THEIR
        MOTION TO DISMISS

respectfully request that the Court grant their pending Motion to Dismiss this action.

## I. No Justiciable Controversy Exists Because Plaintiffs Have Not Complied With Oregon's Tender Rule.

In moving to dismiss, Defendants demonstrated that the Court should dismiss the Complaint, because Plaintiffs have not contested their default nor demonstrated they could cure the default by tendering amounts due on the loan, and so any declaration about MERS or the validity of assignments by MERS, would not terminate the controversy among the parties. "Defendants Amended Memorandum of Law In Support of Their Motion to Dismiss Plaintiffs' Complaint" (Sept. 23, 2010)(Dkt. 6)("Motion to Dismiss"). In their supplemental submission, Plaintiffs assert that they can seek declaratory relief because they have stated a valid claim for violation of the Oregon Trust Deed Act, and argue that the requirement that they must tender the loan proceeds to challenge the foreclosure is "ridiculous." Pl. Supp. Memo. at pg. at 3.

Oregon law rejects Plaintiffs' position, however, and mandates that a plaintiff who seeks to challenge the validity of foreclosure proceedings must tender the amount due and owing on the secured indebtedness as a prerequisite to maintain the action. In Hogan v. NW Trust Services, Inc., 2010 WL 1872945 (D. Or. May 7, 2010), for example, the plaintiffs asserted a claim for declaratory relief alleging that the defendants had committed "numerous violations of state and federal law" during foreclosure proceedings. Id. at *5. Judge Hogan explained that "while a mortgage is said to carry with it an equity of redemption, that right exists only . . . if the mortgagor reimburses the mortgagee and cures the default." Id. The court held that plaintiffs failed to show their request for declaratory relief was "equitable," and dismissed it, because plaintiffs admitted their default and did

Page 2 – DEFENDANTS' ADDITIONAL REPLY BRIEF IN SUPPORT OF THEIR
       MOTION TO DISMISS

not "offer anything to indicate they were able to tender the debt in order to disrupt the non-judicial foreclosure." Id.

Plaintiffs' sole response is that the plaintiffs in Hogan were proceeding pro se, and their complaint was poorly drafted and dismissed because it was "full of conjecture and supposition." Pl. Supp. Memo. at pg. 3. The court in Hogan did not dismiss the declaratory judgment claim because it was not pled adequately, however. Rather, it dismissed the claim because the plaintiffs were challenging foreclosure proceedings but had not taken actions required to cure the default which led to foreclosure in the first instance. Moreover, Hogan is not the only Oregon decision which embraces the tender rule; it has long been a fixture of Oregon law. See Salishan Hills v. Krieger, 62 Or. App. 84, 91, 660 P.2d 160, 164 (Or. Ct. App. 1983) (creditor accelerated debt after default, and debtor failed to pay total amount demanded; partial payment insufficient to prevent foreclosure because "[o]nce [a] debt [secured by a trust deed note] has been accelerated it cannot be avoided simply by paying the amount past due; foreclosure may be prevented only by tender of the total mortgage debt"); Harrison v. Beals, 111 Or. 563, 222 P. 728 (1924)(same). The rule also has been adopted in numerous other non-judicial foreclosure states, including California.[1]

These cases are dispositive. As previously shown, Plaintiffs have not made a

---

[1] See, e.g., Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996) (requiring appellants to allege tender of the amount of the secured indebtedness to challenge foreclosure); U.S. Cold Storage of Cal. v. Great W. Savs. & Loan Ass'n, 165 Cal. App. 3d 1214, 1222 (1985) (the "law is long-established" that tender of the obligation in full by trustor is a "prerequisite" to challenge foreclosure); Keen v. Am. Home Mortgage Servicing, Inc., No. 2-09-01026, 2009 WL 3380454, at *10-11 (E.D. Cal. Oct. 21, 2009) (dismissing claim when plaintiff failed to allege "any facts supporting her ability to tender any payment" and "an immediate ability or willingness to tender payment"); Mitchell v. Interbay Funding, LLC, 279 Ga. App. 323, 325, 630 S.E.2d 909, 911 (Ga. Ct. App. 2006) (dismissing claim; plaintiff did not seek to tender amount owing on the loan).

Page 3 – DEFENDANTS' ADDITIONAL REPLY BRIEF IN SUPPORT OF THEIR
        MOTION TO DISMISS

payment on their loan since March 2008, and to reinstate the loan they would need to pay $152,695.89.  Declaration of Lora Boyd, Exhibit A to Defendants' Additional Brief In Support of Their Motion to Dismiss (Dec. 10, 2010)(Dkt. No. 20)("Defs. Supp. Memo."), at ¶ 10.  They wish to challenge ongoing foreclosure proceedings authorized under their Deed of Trust but have not offered to tender the outstanding amounts now due on the loan.  Declaratory relief would not end the controversy between the parties, and so the Complaint should be dismissed.

### II.     Plaintiffs Are Bound By Their Agreement To Use MERS As Beneficiary.

Defendants previously demonstrated that Plaintiffs' contention that MERS is a stranger to their loan transaction is demonstrably incorrect, as MERS is specifically identified as a party in their Deed of Trust which is the beneficiary as nominee of the lender, with power to take all actions on behalf of the lender as well as the lender's successors and assigns.[2]  In a one-paragraph argument, Plaintiffs assert that it is "ridiculous" to assume that they were aware of MERS or the time they executed they obtained their loan.  Pl. Supp. Memo. at 4.  This contention provides no ground to forestall dismissal of the Complaint.

First, Plaintiffs' claimed lack of knowledge is unsupported:  Plaintiffs state that they have attached an affidavit to support their position (id.) but none is attached to their brief.  But Plaintiffs' argument would fail even if they submitted the affidavit.  It is a bedrock principle of contract law that, with a few limited exceptions not applicable here, parties are bound by agreements they sign.  Knappenberger v. Cascade Ins. Co., 259 Or.

---

[2]     Defendants' Reply In Support Of Their Motion To Dismiss Plaintiffs' Complaint (Nov. 8, 2010)(Dkt. No. 12) at pp. 8-9.

Page 4 – DEFENDANTS' ADDITIONAL REPLY BRIEF IN SUPPORT OF THEIR
                MOTION TO DISMISS

392, 397, 487 P.2d 80, 83 (1971); Franklin v. W. Pac. Ins. Co., 243 Or. 448, 452-53, 414 P.2d 343, 346 (1966). As explained in Knappenberger, a party signing an agreement --

> is bound by the instrument he signs in the absence of evidence showing that he was misled or that there were other circumstances excusing him from scrutinizing the instrument. It is no defense to show that he did not read the instrument he signed.

259 Or. at 399. Here, Plaintiffs signed a Deed of Trust which listed MERS as a party on the first page, and which explained MERS's role as beneficiary. See Deed of Trust, attached hereto as Exhibit 1, at pp. 1-2. Having signed the Deed of Trust – and accepted over $600,000 in funds whose repayment it secured – Plaintiffs cannot pick and choose, after the fact, certain provisions they wish to adhere to, and others to ignore. Otherwise, the fundamental premise on which all contracts are based would mean nothing.

At the end of the day, however, Plaintiffs' knowledge about MERS could not save their claims, because in moving to dismiss Defendants showed as a matter of law that MERS may act as a beneficiary under the Deed of Trust under Oregon law and the Deed of Trust Act. Motion at Dismiss at pp. 3-7. Plaintiffs' lack of understanding about the rights of MERS as beneficiary or their lack of knowledge regarding the MERS® System, its purpose or its function provide no defense to those legal arguments.

**III.   Defendants Complied With The Trust Deed Act.**

Finally, Plaintiffs allege a series of arguments seeking to show a violation of the Trust Deed Act. Each is meritless.

Plaintiffs first claim (Pl. Supp. Memo. at pp. 4-5) that MERS is "not a proper beneficiary" under the Trust Deed Act, an argument they also made at argument on November 22, 2010. As Defendants explained in their supplemental submission,

Page 5 – DEFENDANTS' ADDITIONAL REPLY BRIEF IN SUPPORT OF THEIR
             MOTION TO DISMISS

numerous courts have rejected this argument as irrelevant. The only issue presented in a lawsuit such as this one is whether foreclosure on Plaintiffs' property for nonpayment was properly commenced, and it is undisputed that a trustee – here, ReconTrust – is entitled to give notice and commence foreclosure under the Act. Defs. Supp. Memo. at pg. 7.

Plaintiffs' related argument that MERS is not a beneficiary is simply ignoring the Deed of Trust, which appointed MERS as the beneficiary as nominee for the lender; for that reason, Judge Hogan held in Burgett v. Mortgage Elec. Registration Sys., Inc., 2010 WL 4282105, at *2 (D. Or. Oct. 20, 2010), that MERS is a "beneficiary" under the Trust Deed Act because "the trust deed specifically designates MERS as the beneficiary."[3]

Plaintiffs next attack the assignment of the Deed of Trust by MERS to Bank of America Home Loans Servicing, LP ("BACHLS") in December 2009. They focus on the contention that the assignment was "a legal nullity" because MERS lacked authority to assign the Note. Pl. Supp. Memo. at pg. 6. But, as Defendants have shown, the Note was indorsed in blank and transferred to BANA by Countrywide before the assignment of the Deed of Trust. Defs. Supp. Memo. at pp. 2-4, 9. BACHLS was entitled to foreclose because it was in constructive possession of the Note at the time of the foreclosure. Id.

Plaintiffs also claim that the Assignment was invalid because no power of attorney, nominee agreement, or other recorded document allowed MERS to execute the Assignment. Pl. Supp. Memo. at pg. 6. Plaintiffs do not cite any Oregon law that requires

---

[3] Plaintiffs cite In re Allman, 2010 WL 3366405 (Bankr. D. Or. Aug. 24, 2010), but that case preceded Judge Hogan's Burgett decision; Judge Hogan was aware of the decision and found it unpersuasive. Burgett, 2010 WL 4282105, at *2 n.1 (citing Allman). Indeed, Allman characterized MERS as "akin to a straw man," but relied on cases from outside Oregon that did not involve the Trust Deed Act nor non-judicial foreclosure statutes. 2010 WL 3366405 at * 10 (citations omitted). Burgett (as well as Courts from various other non-judicial foreclosure jurisdictions) properly recognizes the designation of MERS as beneficiary as nominee of the lender in a deed of trust, while Allman did not.

Page 6 – DEFENDANTS' ADDITIONAL REPLY BRIEF IN SUPPORT OF THEIR
           MOTION TO DISMISS

agency agreements to be of record.  In any event, the Deed of Trust again refutes Plaintiffs' argument because it expressly provides (page 3) that MERS "has the right to exercise any of [the lender's] interests, including . . . the right to foreclose and sell the Property."  Because the lender under the Deed of Trust has the power to assign its interests, MERS likewise had the power to assign.[4]

Finally, Plaintiffs assert that "[t]here are missing assignments in violation of ORS 86.735(1)."  Pl. Supp. Memo. at pg. 6.  The argument is meritless.  Section 86.735(1) requires only that "the trust deed, any assignments of the trust deed by the trustee or the beneficiary, and any appointment of a successor trustee" must be recorded prior to a foreclosure sale.  There is no evidence (or implication) of any assignments of the trust deed from time it was executed until December 2009, when MERS assigned all beneficial interests in the Deed of Trust to BACHLS.  That assignment was recorded in the public land records.  See Exhibit 1 to Complaint at pg. 1.[5]

---

[4] The implication that MERS was somehow acting on its own accord is also wrong. BANA and Countrywide are members of the MERS system (Affidavit of Dan McLaughlin, Exhibit B to Defs. Supp. Memo. at ¶ 9), and MERS is required to "at all times comply with the instructions of the holder of mortgage loan promissory notes." MERSCORP, Inc. Rules of Membership, Section 6, available at http://www.mersinc.org/files/filedownload.aspx?id=172&table=ProductFile.

[5] As noted above, Countrywide sold the loan to BANA in June 2009.  No assignment of the Deed of Trust was required to be executed in connection with that sale for two reasons.  First, under Oregon law, sale of the Note transfers with it interest in the Deed of Trust.  See West v. White  307 Or. 296, 300, 766 P.2d 383, 385 (1988) ("Assignment of a note carries with it a security interest in real property, because the security is merely an incident to the debt"); U.S. Nat'l Bank v. Holton, 99 Ore. 419, 428 (1921) ("Promissory notes are articles of commerce, and pass from hand to hand by barter and sale.  The transfer of a note carries the mortgage, for the former is the principal and the latter the incident") (citations omitted).  Second, under this Deed of Trust, MERS was appointed beneficiary as nominee for the lender's successors and assigns.  When the Note was assigned to BANA in June 2009, MERS became nominee for BANA as a matter of fact, and so no assignment was made or was needed.

Page 7 – DEFENDANTS' ADDITIONAL REPLY BRIEF IN SUPPORT OF THEIR
          MOTION TO DISMISS

## **CONCLUSION**

For these reasons, and those set forth in their previous briefs, Defendants respectfully request that the Court grant their Motion to Dismiss and dismiss all claims in the Complaint against them with prejudice.

DATED this 20th day of December, 2010.

>ROUTH CRABTREE OLSEN, P.C.
>
>By    */s/ John M. Thomas*
>John M. Thomas, OSB #024691
>Attorney for Defendants
>11830 SW Kerr Parkway, Suite 385
>Lake Oswego, OR 97035
>(503) 517-7180; Fax (425) 457-7369
>jthomas@rcolegal.com

LIBW/1765667.3

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS' ADDITIONAL REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS upon the following party via ECF on December 20, 2010:

    James J. Stout
    James J. Stout PC
    419 S. Oakdale Ave
    Medford, OR  97501
        Attorney for Plaintiff

DATED this 20th day of December, 2010.

        ROUTH CRABTREE OLSEN, P.C.

        By   */s/ John M. Thomas*
        John M. Thomas, OSB #024691
        Attorney for Defendants
        11830 SW Kerr Parkway, Suite 385
        Lake Oswego, OR 97035
        (503) 517-7180; Fax (425) 457-7369
        jthomas@rcolegal.com